THE STATE, use MILLARD & WARING, vs. GREEN.

APPEAL from *Charles* County Court. Debt, brought on the 28th of June 1813, on an administration bond, executed to the State on the 8th of March 1800, by *Henry Stewart*, as administrator de bonis non of *Joshua Stewart*, with *Leonard J. Ferrell*, and the defendant, (now appellee,) his sureties. The defendant pleaded general performance, to which there was a replication of nonperformance, and assigning as a breach, that on the 27th June 1799, the intestate was indebted to *Millard* and *Waring*, at whose instance and for whose use the action was brought, in the sum of £15 18 10, for goods, before that time sold and delivered, which he assumed and promised to pay, &c. and that neither the intestate in his life time, nor the administrator de bonis non since his death, had paid, &c. Averment that assets sufficient to pay, &c. came to the hands of the administrator de bonis non. The defendant rejoined non assumpsit. He also rejoined *the act of limitations*. To the first rejoinder issue was taken; and to the other there was a demurrer, and joinder in demurrer. The County Court overruled the demurrer; and the verdict on the issue in fact, and judgment being for the defendant, this appeal was prosecuted.

The cause was argued in this court before BUCHANAN, EARLE, and DORSEY, J.

*Magruder*, for the Appellant. The only question is, whether or not the defendant below could rejoin two distinct matters to the replication. It is not within the statute of *Anne*. It is a departure from the plea of performance. *Warren vs. Ivie*, 2 *Stra.* 908. Besides, this rejoinder tenders an issue, instead of concluding with a verification.

*Stonestreet*, for the Appellee. 1. The replication gave the first notice of the cause of action, and therefore limitations could not be pleaded, except by way of rejoinder. 2. There was no non est on a capias ad respondendum against the administrator, or nulla bona on fieri facias returned before the action was brought; and therefore the plaintiff has shown no cause of action.

DORSEY, J. delivered the opinion of the court. This was an action brought on an administration bond for the use of *Millard* and *Waring*, against the defendant, who was one of the securities of *Henry Stewart*, the administrator of *Joshua Stewart*. The declaration is in the common form. The defendant pleaded performance. The State replied, that the intestate in his life-time being indebted to *Millard* and *Waring* in the sum of £15 18 10, for goods sold and delivered by them, promised to pay them that sum, and that neither the intestate, nor the administrator, al

In an action on an administration bond, brought at the instance of M and W, to the plea of general · performance, it was replied, that the intestate, in his life-time, was indebted to M and W in a certain sum of money for goods sold, &c. which he promised to pay, and that neither he, nor the administrator de bonis non since his death, had paid, &c. Averment that assets had come to his hands sufficient to pay all debts of the intestate, had paid, &c. The defendant's rejoinder was that the intestate did not assume, &c. on which issue was joined. He also rejoined the act of limitations, and tendered an issue. To this there was a general demurrer.— *Held*, that if the statute of *Ann* does not permit a defendant to rejoin a double defence to the breach assigned, in an action on a bond with a collateral condition, (and whether it does or not, *Quere*,) his doing so would only be duplicity in pleading, which can only be taken advantage of by special demurrer. So if a rejoinder, &c. tenders an issue instead of a verification, the objection to it must be assigned as a special cause of demurrer.

though assets had come to his hands sufficient to pay all the debts of the intestate, had paid the said sum. The defendant rejoined that the intestate, in his life-time, did not assume in manner and form as the State had by replying alleged; on which issue was joined. The defendant then proceeds as follow: "And the said defendant, with leave of the court here first had and obtained, further saith, that the said State ought not, &c. because he saith that the said *Joshua* in his life-time did not, within three years next before the day of impetrating of the original writ in this cause, promise in manner and form as the said State had by replying alleged, and of this he puts himself upon the country." The State demurred to this second rejoinder. The defendant joined in demurrer, and the court below overruled the same.

Two objections have been urged by the appellant's counsel. *First,* That the defendant cannot, under the statute of *Anne,* rejoin double to a replication. *Secondly,* That the rejoinder in this case, if good in other respects, is defective, because it tenders an issue instead of concluding with a verification.

It is unnecessary for the court to decide in this case, whether a defendant, in an action on a bond with a collateral condition, can rejoin double to the replication assigning the breaches. Assuming for the sake of argument that the statute of *Anne* does not permit a defendant in such a case to rejoin a double defence to the breach assigned, the infirmity would consist in duplicity alone, which can only be taken advantage of by special demurrer. You must, according to the authorities, lay your finger on the defect. The objection to the want of verification is open to the same answer; it must be assigned as special cause of demurrer.

JUDGMENT AFFIRMED.