# SUPERIOR COURT OF BALTIMORE CITY.

Filed June 25, 1925.

THE BALTIMORE TRUST CO.
VS.
BARNET SHPRITZ, ETC.
(Two Cases.)

---

*Baldwin & Sappington* for plaintiff.
*David Ash* for defendant.

FRANK, J.—

This was an action under the Speedy Judgment Act of Baltimore City. A demurrer was filed to the declaration. Under the provisions of Chapter 684

of the Acts of 1920 (Section 9, of Art. 75, Code 1924), such a demurrer shall not be received unless sworn to and accompanied by certificate of counsel, and "unless the defendant shall state the specific grounds for the demurrer." The demurrer in this case was stated to be upon the usual general grounds and the specific ground relied on was that the "allegation" of the declaration "that plaintiff is a holder in due course is bad pleading."

Special demurrers, going to the form of the pleading, were required by the Statute of 27 Elizabeth, Ch. 5 and 4 Anne Ch. 16, "specially and particularly" to "set down and express" the "causes of the same." Special demurrers in civil cases were abolished in Maryland by the Act of 1856, Ch. 112, Sec. 36 (Code 1924, Art. 75, Sec. 7). Special demurrers directed to matters of substance requiring the statement of the special, particular or specific ground of demurrer have been revived in two classes of cases.

1. In cases of summons with claim for injunction or mandamus. Act 1888 Ch. 456 (Code 1924, Sec. 134-146).

C. & P. Tel. Co. vs. Mackenzie, 74 Md. 36; Zimmerman vs. Garfinkel, 144 Md. 394.

2. In cases brought under the Speedy Judgment Act (Art. 75, Sec. 9 supra).

The language of all the legislation above referred to relating to the requirements of special demurrers is very similar. The ground of demurrer must be specially or specifically or particularly pointed out. This resemblance is here referred to because it is believed that authorities construing one of these statutes should have persuasive weight on the interpretation of the others. The essential purpose of all of them is the same, the language is substantially alike.

The vice of duplicity, now reached by general demurrer, (Milske vs. Steiner Mantel Co., 103 Md. 235), was prior to 1856 regarded merely as a formal defect and could only be raised by special demurrer "specially and particularly" setting down and expressing "the causes of the same."

A demurrer setting out that the pleading demurred to "doth not contain in itself any matter on which issue can be joined, and that it is un-certain, double and wants form" was not sufficient * * * "but you must lay your finger on the very point that is so."

Stewardson vs. White, 3 H. & McH. 455.

"You must according to the authorities lay your finger on the defect."

State vs. Green, 4 H. & J. 542, 543.

These decisions are in accord with the other decisions, English and American. It was not enough to state that the pleading was "double," that it contained more than one cause of action, defence, etc., without pointing out the separate causes of action, defences, etc., therein contained.

Is it enough to say that a particular allegation of the declaration "is bad pleading?" It would obviously not be sufficient to say that the whole declaration is bad pleading. Is the defect corrected by averring that one allegation only is bad pleading? The Act of 1920 requires the defendant to "state the specific grounds for the demurrer." Pointing out the particular allegation as bad pleading is specific and to that extent the statute is gratified, but does it state the specific grounds of the demurrer? Upon this precise point I have been referred to, and have found no direct authority.

A pleading may be bad for a variety of reasons. Section 2 of Article 75 of the Code prescribes that nothing more shall be stated than the facts necessary to constitute the ground of action, defense or reply, that facts only shall be stated and not arguments, or inferences, or matters of law, or of evidence, or of which the Court takes notice ex officio. A pleading may be bad because it does not state a sufficient cause of action, defence or reply, for duplicity, for departure, for non-joinder, for mis-joinder. A plea may be bad because it amounts to the general issue or because it does not traverse or confess and avoid an essential allegation of the declaration. This enumeration of some only of the respects in which a pleading may be bad would seem to lead to the conclusion that an averment that a pleading or a part of it is bad pleading does not state the specific grounds of the demurrer, since the bad pleading may be due to any one or more of so many different grounds of error. Certainly, to fulfill

the requirements of the statute the specific vice which renders the pleading or the portion thereof bad must be indicated.

I hold, therefore, that the demurrers in these cases are insufficient. The statute (Article 75, Section 9) provides that "such a demurrer shall not be received." The motions of *ne recipiatur* are granted.